

FILED
3/8/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIE HORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 21-231 (UNA) |
| | ) |
| UNITED STATES | ) |
| ATTORNEY GENERAL *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a petition for a writ of mandamus and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Mandamus actions are reserved for "extraordinary situations." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal quotation marks omitted). Mandamus relief is warranted where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted). The "word 'duty' in § 1361 must be narrowly defined, and [the] legal grounds supporting the government's duty to [petitioner] must 'be clear and compelling.' " *In re Cheney*, 406 F.3d at 729 (citations omitted). The petitioner bears the burden of showing that his right to the writ is "clear and indisputable." *Id*.

Petitioner is a prisoner at the United States Penitentiary in Florence, Colorado. The alleged facts are based on petitioner's criminal prosecution and conviction in 1989. *See U.S. v. Horton*, 217 F.3d 842 (4th Cir. 2000) (appeal from denial of habeas "challenge to July 20, 1989, conviction for first degree murder of another inmate"). In this case, petitioner seeks to compel the production of "exculpatory" material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Pet. at 3-16. In a separate motion, petitioner asserts that "this Court has the power to enjoin the agency from withholding agency records improperly withheld." Mot. at 2 [Dkt. # 4].

Because direct appeal and habeas corpus provide redress for unlawful convictions, and the Freedom of Information Act provides redress for improperly withheld agency records, petitioner fails at a minimum to satisfy the above-listed third requirement for obtaining a writ of mandamus. *See Boyer v. Conaboy*, 983 F. Supp. 4, 6 (D.D.C. 1997) ("where 'habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie'") (quoting *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988)); *In re Horton*, 619 Fed. App'x 262 (4th Cir. Oct. 19, 2015) (per curiam) ("Mandamus may not be used as a substitute for appeal."); *Pickering–George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4, n.1 (D.D.C. 2008) ("The exclusive nature of the FOIA precludes mandamus relief.") (citing *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
Date: March 8, 2021                     United States District Judge